## BAER v. FIDELITY & DEPOSIT CO. OF MARYLAND.

(Circuit Court of Appeals, Fifth Circuit. March 8, 1904.)

### No. 1,275.

1. VOLUNTARY BONDS—DAMAGES.

Where a voluntary bond was given in an equity suit pending in the federal court to cover damages arising out of certain orders of the court issued therein, which damages, if not saved to the parties by some protecting order specially given by the court, were damnum absque injuria, no recovery could be had on the bond, since no damages could be proved.

2. SAME—CONDITIONS—BREACH.

Where the court ordered a deposit of money as a condition of setting aside an injunction and the appointment of a receiver previously made, and, as part of the same order, directed the execution of a bond to the defendant in the receivership proceedings to indemnify him against any damages he might sustain by depositing the amount so previously provided, to abide the decree of the court in the event the cause should be finally adjudged in defendant's favor, the condition of the bond was not broken, though some of defendant's contentions were sustained; he having recovered little, if anything, after paying costs adjudged against him of the original deposit.

3. SAME—BONDS—CONSTRUCTION.

Where a bond given to secure a deposit made as a condition to the vacation of an order appointing a receiver and granting an injunction was

conditioned to indemnify against such damages as the court might determine had been sustained by reason of the deposit, the words "as the court might determine" should be construed as referring to the court then having jurisdiction of the issues in the case.

In Error to the Circuit Court of the United States for the Southern District of Florida.

This suit was commenced February 1, 1902, in the circuit court of Duval county, state of Florida, by filing the following:

"Declaration.

"In the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Fla.

"George J. Baer, Plaintiff, v. Fidelity & Deposit Company of Maryland, Defendant.

"The plaintiff, George J. Baer, by his attorneys, sued the defendant, Fidelity & Deposit Company of Maryland, which is now, and was at the time of each of the several acts and things hereinafter mentioned, a corporation organized and existing under and by virtue of the laws of the state of Maryland, and duly authorized, in accordance with the laws of Florida, to do business as a surety company in Florida, for that the said defendant, by its certain writing obligatory, under its corporate seal, bearing date the 10th day of March, 1900, became bound unto the said plaintiff in the sum of five thousand dollars, subject to a condition that if the said defendant should well and truly pay to said plaintiff all such damages as the court might determine he might have already or might thereafter sustain by reason of his depositing the sum of forty-five thousand dollars in the National Bank of Jacksonville, to abide the decree of the Circuit Court of the United States for the Southern District of Florida, in a certain cause in said court then pending, wherein William R. Kerr, George W. Allen, Albert S. Laflin, and John P. Laflin were plaintiffs, and this said plaintiff was defendant, and giving bond in the further sum of fifteen thousand dollars in accordance with the order of said court in said cause, then the said obligation to be null and void, otherwise to remain in full force and virtue; and the said sum of forty-five thousand dollars was by this plaintiff deposited in the National Bank of Jacksonville, to abide the decree of the Circuit Court of the United States for the Southern District of Florida in the certain cause in said condition specified; and this plaintiff did give bond, executed by said defendant as surety, in the further sum of fifteen thousand dollars, in accordance with the order of said court in said cause in said condition specified; and by the final decree in said cause, said complainants were allowed and decreed but the sum of thirty-four thousand eighty-eight dollars and forty-nine cents ($34,-088.49); and that heretofore, to wit, on the 18th day of August, 1899, the sum of, to wit, twenty-five dollars, became due the plaintiff for a sum of money expended by the plaintiff for the services of his solicitor in and about the preparation of the certain bond, in the sum of fifteen thousand dollars, in the condition of said writing obligatory mentioned, and the same remains due and unpaid to this plaintiff, although payment thereof has often been requested of the defendant. And for a second breach of the said condition, this plaintiff says that heretofore, on, to wit, the 18th day of August, 1899, the sum of, to wit, seventy-five dollars, became due the plaintiff for a sum of money expended by the plaintiff and paid to said surety company as a first installment of the premium, to procure said company to become a surety upon the said bond in the sum of fifteen thousand dollars mentioned in the condition contained in said writing obligatory above set forth; and the same remains due and unpaid to this plaintiff, although payment thereof has often been requested of defendant. And for a third breach of the said condition, this plaintiff says that heretofore, on, to wit, the 18th day of August, 1900, there became due the plaintiff the sum of, to wit, seventy-five dollars, for a sum of money expended by the plaintiff and paid to said surety company as a second installment of the premium to procure said company to become a surety upon the said bond in the sum of fifteen thousand dollars mentioned in the condition contained in said writing obligatory above set forth, and the

same remains unpaid to said plaintiff, although payment thereof has often been requested of said 'defendant. And for a fourth breach of the said condition, this plaintiff says that heretofore, on, to wit, the 1st day of February, 1902, there became due the plaintiff for interest and damages suffered by the detention and deprivation of moneys of the plaintiff, to wit, ten thousand nine hundred and eleven dollars and fifty-one cents of said sum of forty-five thousand dollars so as aforesaid deposited in the National Bank of Jacksonville, to which complainants were decreed not to be entitled, from, to wit, the 5th day of June, 1899, until, to wit, the 1st day of February, 1902, the sum of, to wit, three thousand dollars, and that the same remains unpaid to this said defendant. And for a fifth breach of said condition, this plaintiff says that heretofore, on, to wit, the 1st day of February, 1902, there became due the plaintiff for money expended by him in payment of the costs of the clerk of the said court, upon the receiving, keeping, and paying out of moneys of the plaintiff, to wit, ten thousand nine hundred and eleven dollars and fifty-one cents of said sum of forty-five thousand dollars so as aforesaid deposited in the National Bank of Jacksonville, to which complainants were decreed not to be entitled, the sum of, to wit, twenty-seven and $28/100$ dollars, and the same remains unpaid to this plaintiff, although payment thereof has often been requested of said defendant. And for a sixth breach of said condition, this plaintiff says that heretofore, to wit, on the 1st day of February, 1902, there became due the plaintiff the sum of, to wit, twenty-five dollars, which sum this plaintiff became liable to pay for the services of his solicitor in attending the execution of the final decree of the court in said cause, distributing the said forty-five thousand dollars so as aforesaid deposited in the National Bank of Jacksonville. And the plaintiff demands five thousand dollars damages."

A copy of the bond sued on is as follows, to wit:

"In the Circuit Court of the United States, Southern District of Florida.

"William R. Kerr et al. v. George J. Baer.

"Know all men by these presents, that we, the Fidelity & Deposit Company of Maryland, are held and firmly bound unto George J. Baer, defendant in the above entitled cause, in the sum of five thousand dollars, for the payment whereof well and truly to be made, we hereby bind ourselves, our heirs, executors, successors and assigns.

"Witness our hands and seals this 10th day of March, A. D. 1902.

"The condition of the above obligation is such, that if the above bounden, the Fidelity & Deposit Company of Maryland, shall well and truly pay to the defendant, George J. Baer, all such damages as the Court may determine he may have already or may hereafter sustain, by reason of his depositing the sum of forty-five thousand dollars ($45,000) in the National Bank of Jacksonville, to abide the decree of the Court in the above entitled cause, and giving bond in the further sum of fifteen thousand ($15,000.00) dollars in accordance with the order of the Court in this cause, then this obligation to be null and void, otherwise to remain in full force and virtue.

"[Signed]  Fidelity & Deposit Company of Maryland,
"By D. U. Fletcher,
"[Corporate seal of said company.]  Its Attorney in Fact.
"Attest: R. Bowen Daniel, General Agent.
"Approved: James W. Locke, U. S. Judge."

The defendant demurred as follows:

"Now comes the defendant herein, by its attorney, and, demurring to the declaration herein, says that the same is bad in substance, and, for grounds of demurrer, specifies the following: (1) The facts alleged in the declaration fail to show that a cause of action upon the bond has accrued to the plaintiff herein. (2) The declaration fails to allege that the court has determined that the plaintiff has sustained any damage by reason of his depositing the sum of forty-five thousand dollars ($45,000) in the National Bank of Jacksonville to abide the decree of the United States Circuit Court for the Southern District of Florida, and giving bond in the further sum of fifteen thousand dollars ($15,000)."

And the circuit judge ruled:

"George J. Baer v. Fidelity & Deposit Co. of Maryland.

"The case of Russell v. Farley, 105 U. S. 433, 26 L. Ed. 1060, is considered conclusive upon the point that a chancery court is competent to determine damages upon a bond given in such court upon an injunction proceeding. That being so, it is considered that the language of the bond, in using the words 'the court,' is sufficient to determine the court in which damages should be determined before suit will lie against the surety; and it is therefore ordered that the demurrer herein to the declaration be, and the same is hereby, sustained, and the plaintiff be permitted to plead anew by the rule day of January, 1903.

"Jacksonville, Fla., December 17, 1902.

"James W. Locke, Judge."

Plaintiff declining to amend, final judgment was entered in accordance with the ruling on demurrer, and the plaintiff brought this case to this court for relief, assigning errors directed at the ruling on demurrer.

H. Bisbee and George C. Bedell, for plaintiff in error.

R. H. Liggett, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. Nowhere in the declaration or exhibit do we find anything to show that the bond sued on was given under any law, order, or rule of court. So far as the transcript goes, it was a voluntary bond given in an equity suit, heretofore pending in the Circuit Court for the Southern District of Florida, wherein Kerr and others were plaintiffs, and Baer was defendant, to cover damages arising out of certain orders of court issued therein, which damages, if not saved to the parties by some protecting order specially given by the court, were damnum absque injuria. On such a bond no recovery can be had, because no damages can be proved. Russell v. Farley, 105 U. S. 433, 439, 26 L. Ed. 1060.

Both parties, in oral argument and briefs, ask us to look into the record in the said case of Kerr et al. v. Baer et al., 109 Fed. 1059, which, after final decree, was appealed to this court, and take judicial notice of, and treat as a part of this case, the order therein issued providing for the bond sued on. If we follow counsel in this request, and look into the said record, we find that the Circuit Court made an order providing for the deposit of $45,000 by George J. Baer, and the giving of a bond of $15,000, as conditions upon which an order appointing a receiver and granting an injunction in aid of such receivership would be set aside, and in the same order we find the following: .

"And it is further ordered, adjudged, and decreed that the complainants herein, within three days from this date, do cause to be filed in this court a good and sufficient bond, payable to the defendant George J. Baer, to be approved by the court, in the sum of $5,000, conditioned to indemnify the said defendant George J. Baer against any damages he may sustain by reason of depositing the aforesaid sum of $45,000 in the National Bank of Jacksonville to abide the decree of the court in the cause, and giving bond in the further sum of $15,000, in the event this cause shall be finally adjudicated in favor of the said defendant George J. Baer."

This order providing for the giving of the bond herein sued on distinctly provides that it was to be conditioned to pay damages in

the event that the cause should be finally adjudicated in favor of the defendant George J. Baer. The bond sued on is to be construed in the light of, and in connection with, the order of court requiring it, and therefore the condition to pay damages in the event the cause should be finally adjudicated in favor of the said defendant George J. Baer should be treated as written in the bond.

A further inspection of the record of this court in the same case shows that there was no final adjudication, so to speak, in favor of the defendant Baer. Many of the issues put forward by him were decided in his favor, but the decree of the court was against him, and that decree was predicated upon the proposition that there was a partnership between the parties, in which prior to the suit the defendant Baer held all the assets, and the decree finds that there was in the hands of George J. Baer a very large amount of partnership assets, of which $34,088.44 were due the complainants, and $9,986.12 were due to other parties, and the $45,000 paid into court was awarded to pay the same; so that Baer recovered little, if anything, after paying costs adjudged against him, of the original $45,000 deposited by him. And we may remark that this shows a very good reason why this court, in its final decree, although our attention was called thereto, allowed no damages in favor of Baer for having paid the $45,000 into court, and for giving a bond of $15,000; and it shows affirmatively that by neither giving bond nor paying the money into court under the order of the court was Baer legally or otherwise damaged.

And taking judicial notice, as requested, of the record in the former case, enables the better to follow the learned circuit judge in his construction of the bond in suit. With the former record before us, the words "as the court may determine," inserted in the bond, may well be construed as referring to the court then having jurisdiction of all the issues. It is hardly to be supposed that the court was inviting other and outside litigation to follow final decree in the case. A construction leading to such result should be avoided as not in harmony with equity practice and principles. Equity does not favor a multiplicity of suits, and, when a court of equity has jurisdiction for one purpose, it usually takes jurisdiction for all. And see Oelrichs v. Spain, 15 Wall. 211, 228, 21 L. Ed. 43.

In any proper view of the case before us, we are satisfied that the judgment dismissing the suit was correct, and it is affirmed.