GUNTHER, Judge.
In our view, the trial court erred in awarding Ocean Terrace North Condominium Association, Inc. (Ocean Terrace) the sum of $61,452.00 from the registry of the *521 court. Since the money had been deposited in Case No. 86-4052 CL 0 in the registry of the court for a specific condition and contingency which had not occurred, the trial court erred in releasing the funds to satisfy a judgment entered in another case, No. 86-8640 CA LB.
Ocean Terrace brought two separate cases against Connor Realty, Inc. (Connor). The first case, No. 86-4052 CL 0, concerned a “lien” on condominium units for failure to pay the association past due assessments and the second case, No. 86-8640 CA LB, was for breach of warranties in the construction of the condominiums. In order for the lis pendens to be discharged in Case No. 86-4052 CL O, Connor posted a bond in the amount of $120,000.00 in the court registry.
Before Case No. 86-4052 CL O was concluded, the trial court in the breach of warranties case entered final judgment in the amount of $61,452.00. Ocean Terrace then motioned the trial court in Case No. 86-4052 CL O to withdraw funds from the court registry to satisfy the judgment entered in Case No. 86-8640 CA LB. The trial court granted this motion on May 5, 1988, approximately three months before judgment was entered in Case No. 86-4052 CL O.
The bond must be construed in light of the court’s order establishing it. Baer v. Fidelity and Deposit Co. of Maryland, 130 F. 94 (5th Cir.1904). In the instant case, the bond should be construed as being conditioned on a judgment of a lien on the condominium units since that is to what the court’s order pertained. Thus, the trial court erred in releasing the funds from the bond on the lien case to satisfy a judgment entered in another case that was not related to the lien dispute.
REVERSED AND REMANDED.
LETTS, J., concurs.
ANSTEAD, J., dissents with opinion.